JUSTICE NELSON
specially concurs and dissents.
¶36 With two caveats, I concur in the Court’s opinion as to its discussion concerning Sanders’ withdrawal of his guilty plea. First, to the extent that reading ¶¶ 7 and 20-23 together might imply otherwise, I do not believe that our opinion can be read as determining that disorderly conduct, resisting arrest and obstructing justice are, in fact, lesser included offenses of threatening a public servant. That issue was not briefed, nor does my research reveal any case where we have actually so held. In my view, whether disorderly conduct, resisting arrest and obstructing justice, or any of these offenses, are actually lesser included offenses of threatening a public servant will have to be decided in some future case.
¶37 Second, at ¶ 28, the majority opinion quotes two paragraphs from the special concurrence in State v. Bowley (1997), 282 Mont. 298, 313, 938 P.2d 592, 601. As the author of Bowley, I continue to reject the *550 position expressed in the cited paragraphs, and I continue to adhere to the rule set out in Bouiley that
when a probation officer recommends a sentence different from that contained in a plea agreement, this does not constitute breach of the plea agreement by the prosecutor because the probation officer’s recommendation is not equivalent to the prosecutor’s recommendation.
Bowley, 282 Mont. at 311, 938 P.2d at 600 (citing State v. Yother (1992), 253 Mont. 128, 137, 831 P.2d 1347, 1352).
¶38 I concur with Justice Gray’s dissent regarding our remand for sentencing with alternative forms of relief.